IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OHANA CONTROL SYSTEMS, INC. and MICHAEL AMIR BOROCHOV, | CIVIL NO. 21-00345 JAO-KJM |
| Plaintiffs, | ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS WAYNE K. MASUDA, TIM CAIRES, JEFFREY K. LEE, AND DAVID MALONE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| vs. | |
| CITY AND COUNTY OF HONOLULU; WAYNE K. MASUDA; TIM CAIRES; JEFFERY K. LEE; DAVID MALONE; and DOE DEFENDANTS 1–20, | |
| Defendants. | |

**ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS WAYNE K. MASUDA, TIM CAIRES, JEFFREY K. LEE, AND DAVID MALONE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

On May 31, 2022, the Court issued an Order (1) Granting the City and County of Honolulu's Motion to Dismiss First Amended Complaint and (2) Granting in Part and Denying in Part Defendants Wayne K. Masuda, Tim Caires, Jeffrey K. Lee, and David Malone's Motion to Dismiss First Amended Complaint ("Order"). ECF No. 48; *see also Ohana Control Sys., Inc. v. City & County of Honolulu*, CIVIL NO, 21-00345 JAO-KJM, 2022 WL 1748411 (D. Haw. May 31, 2022). Defendants Wayne Masuda, Tim Caires ("Caires"), Jeffrey Lee ("Lee"),

and David Malone ("Malone") (collectively, "Defendants") now seek partial

reconsideration of the Order.  For the following reasons, the Court DENIES

Defendants' Motion for Partial Reconsideration of Court's Order Granting in Part

and Denying in Part Defendants Wayne K. Masuda, Tim Caires, Jeffrey K. Lee,

And David Malone's Motion to Dismiss First Amended Complaint.  ECF No. 51.

## DISCUSSION

Defendants argue that the Court erred by finding that the First Amended

Complaint ("FAC") adequately alleged:  (1) a class of one equal protection claim;

(2) a clearly established constitutional right; and (3) an IIED claim against each

Defendant.  ECF No. 51-1 at 1.  Local Rule 60.1 governs motions for

reconsideration, and provides three grounds for reconsideration of interlocutory

orders:

> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law; and/or
>
> (c) Manifest error of law or fact.

Local Rule 60.1.  "Motions for reconsideration are disfavored" and "may not

repeat arguments already made, unless necessary to present one or more of the

[foregoing] permissible grounds for the reconsideration request."  *Id.*

The Ninth Circuit requires that a successful motion for reconsideration

accomplish two goals.  "First, a motion for reconsideration must demonstrate some

2

reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision."  *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted).  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Defendants have not demonstrated entitlement to reconsideration, nor have they set forth facts or law of strongly convincing nature to compel reversal of the challenged portions of the Order.  Defendants' bases for reconsideration suggest a misunderstanding of applicable legal standards and misinterpretation of the Order.  Defendants clearly disagree with all adverse rulings, but disagreement is not a basis for reconsideration.  The Court addresses Defendants' contentions in turn.

3

A.     **The Court Did Not Ignore The Fire Code Or The Mott-Smith Litigation Pleadings**

Defendants argue that the Court erred by ignoring Fire Code provisions and the Mott-Smith litigation pleadings and they endeavor to educate the Court about judicial notice in the dismissal context. ECF No. 51-1 at 2–3. The Court is well-versed on the legal principles of judicial notice and did not err. That documents may be judicially noticed does not mean their existence necessitates the dismissal of claims.

1.     **Fire Code**

Defendants take liberties in misconstruing the Order to suit their manifest error narrative. For example, Defendants claim that the Court "held that Malone required 'audibility of notification devices on lanais even though the Fire Code and building code do not require notification devices or audibility of the same [and] the plans were approved without notification devices[.]'" *Id.* at 3 (second bracket in original) (citation omitted). And Defendants assert that this "holding" is erroneous because plans cannot show audibility and audibility is required throughout the entire house, including the lanai.[1] *Id.* at 3–4. The Court in fact explained that Plaintiffs Amir Borochov and Ohana Control Systems, Inc. ("Ohana")

---

[1] Defendants present a Building Board of Appeals Findings of Fact, Conclusions of Law and Decision and Order ("FOFCOL") to support their adherence to Fire Code provisions. ECF No. 51-1 at 4; ECF No. 51-3. The FOFCOL issued on May 6, 2022 and was stamped received by Corporation Counsel on May 12, 2022. ECF

(collectively, "Plaintiffs") *alleged* the foregoing misconduct by Malone; it made no such *determination* that Malone engaged in the purported misconduct.  *See Ohana*, 2022 WL 1748411, at *6 ("*According to Plaintiffs*, the Individual Defendants treated them differently than the similarly situated installers in the following respects . . . (4) Malone . . . required . . . (d) audibility of notification devices on lanais[.]" (emphasis added)).  This was one of several examples offered by Plaintiffs to show that Defendants treated them differently than similarly situated alarm installers.  *See id.*  The Court did not and has yet to consider whether Malone — or any of the other Defendants — engaged in the alleged conduct, and/or whether he treated similarly situated alarm installers differently without a rational basis.  The Court merely determined that the class-of-one claim is adequately pled. *Id.* at *6–7.  As before, the Court emphasizes that "Plaintiffs need only *state* a claim at this juncture, not *prove* it."  *Id.* at *7.

---

No. 51-3 at 1, 8.  Both dates precede the hearing date on the motions to dismiss and the issuance of the Order.  Therefore, Defendants' current reliance on the FOFCOL is improper.  *Cf. Kona Enters.*, 229 F.3d at 890 (motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation" (citation omitted)); *Figy v. Amy's Kitchen, Inc.*, No. C 13-03816-SI, 2014 WL 3362178, at *3 (N.D. Cal. July 7, 2014) (stating that a "Rule 60(b) motion cannot be used to present new arguments that could have been raised prior to the entry of judgment").  Even if the Court considered the FOFCOL, the thrust of the class-of-one claim is not Defendants' interpretation or application of the Fire Code, but whether they treated Ohana the same as similarly situated alarm installers.

Referencing specific incidents involving Defendants, Plaintiffs claim that they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (some internal quotation marks and citations omitted). Because "the rational basis prong of a 'class of one' claim turns on whether there is a rational basis for the *distinction*, rather than the underlying government *action*," *Gerhart v. Lake County*, 637 F.3d 1013, 1023 (9th Cir. 2011) (footnote omitted), Defendants' accusation that the Court improperly ignored the Fire Code is without merit. Application of the Fire Code was unnecessary to adjudicate Defendants' motion to dismiss.

### 2. Mott-Smith Litigation Pleadings

Defendants similarly argue, without basis, that the Court brushed aside the Mott-Smith litigation pleadings. ECF No. 51-1 at 4. According to Defendants, those pleadings reveal the inadequacy of the FAC; namely, the absence of allegations that (1) others are similarly situated in all relevant respect and (2) there are no conceivable rational bases for the difference in treatment. *Id.* The Court neither disregarded the Mott-Smith litigation pleadings nor erred simply because it rejected Defendants' undue reliance on the pleadings and did not share Defendants' view regarding the force and effect of the pleadings. Indeed, the Order unequivocally addressed the Mott-Smith litigation, including the pleadings:

6

> [T]he Individual Defendants focus on Plaintiffs' failure to show that Lee's purported misrepresentations to the Mott-Smith AOAO — and not Plaintiffs' defective installation — caused the AOAO to file suit against Plaintiffs. [ECF No. 33-1] at 9–10. The Individual Defendants also contend that a similarly situated fire alarm installer would have to have prima facie identical projects and have engaged in the very acts Plaintiffs are accused of in the Mott-Smith litigation. *Id.* at 10–11. But the FAC identifies the Mott-Smith litigation as a *consequence* of Lee's supposed constitutional violation, *see* ECF No. 30 ¶ 65, so the allegations in the Mott-Smith litigation are not the proper measure of whether another installer is "similarly situated."

> The Individual Defendants' arguments misapprehend the crux of the claim — Lee misinformed the AOAO that the fire alarm system was impaired and was never inspected for a final acceptance test. *Id.* ¶¶ 63–64. This is distinct from whether Mott-Smith was satisfied with Plaintiffs' performance. Plaintiffs aver that false statements were not made to the similarly situated installers' clients and there was no rational basis for the distinction in treatment. *Id.* ¶¶ 66–68.

*Ohana*, 2022 WL 1748411, at \*7. Defendants continue to misapprehend the crux of the claim and the distinction drawn by the Court, but that does not warrant reconsideration. The Court did not err by concluding that the Mott-Smith litigation pleadings do not bear on Plaintiffs' "similarly situated" allegations. The FAC sufficiently alleges that the identified alarm installers are similarly situated. *Id.* at \*6 ("Plaintiffs explain that like Ohana, the similarly situated installers are fire alarm installers for high rise condominiums in Honolulu, Hawaiʻi; they have employees that meet minimum licensing, training and/or certification requirements; they often bid on the same fire installation projects; they install

substantially equivalent fire alarm systems; and their systems are tested and inspected by FPB." (citing ECF No. 30 ¶¶ 51–56)).

Defendants submit that notwithstanding case law requiring Plaintiffs to "negative any reasonably conceivable state of facts that could provide a rational basis for the classification," the Court improperly imposed the burden on them. ECF No. 51-1 at 5 (internal quotation mark and citation omitted). But that requirement is necessary for a plaintiff "[t]o *prevail* on the rational basis element" of a class-of-one claim. *Wilson v. City of Fresno*, No. CV F 09–0887 LJO SMS, 2009 WL 3233879, at *8 (E.D. Cal. Oct. 2, 2009) (emphasis added) (citation omitted). The FAC did not suggest a rational basis for Defendants' treatment of Plaintiffs, *see Solis v. City of Fresno*, No. 1:11-CV-00053 AWI GSA, 2012 WL 868681, at *9 (E.D. Cal. Mar. 13, 2012), and the Court did not shift any burden to Defendants by declining to adjudicate the merits of their proffered justifications at the pleading stage. *See Ohana*, 2022 WL 1748411, at *7 ("Plaintiffs aver that false statements were not made to the similarly situated installers' clients and there was no rational basis for the distinction in treatment. The Individual Defendants offer a host of justifications for their conduct and deem discretionary all actions, but their refutation of Plaintiffs' allegations is inappropriate on a motion to dismiss, as the Court must accept Plaintiffs' allegations as true[.]" (citations omitted)).

**B.     The Court Did Not Disregard Or Misapply Precedent**

Defendants accuse the Court of disregarding and/or misapplying Supreme

Court precedent.  ECF No. 51-1 at 6–7, 9–10.  However, Defendants conflate the

Court's qualified immunity analysis with its equal protection analysis and

corresponding requirements for adequately pleading sufficient similarity for a

class-of-one claim.  *Id.* at 6–7.  Defendants contend that the Court improperly

found that "similarly situated" allegations for class-of-one claims do not require

specificity.  *Id.*  The equal protection section in the Order directly contradicts this:

> Courts within the Ninth Circuit have "'enforced the
> similarly-situated requirement with particular strictness when the
> plaintiff invokes the class-of-one theory.'"  *Leen v. Thomas*,
> F. Supp. 3d __, 2020 WL 1433143, at *6 (E.D. Cal. Mar. 24,
> 2020) (quoting *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294
> (E.D. Cal. 2016)) (brackets and other citations omitted).  "'Class-
> of-one plaintiffs must show an extremely high degree of
> similarity between themselves and the persons to whom they
> compare themselves.'"  *Id.* (quoting *Warkentine*, 152 F. Supp. 3d
> at 1294); *see also Hood Canal Sand & Gravel, LLC v. Brady*,
> 129 F. Supp. 3d 1118, 1125 (W.D. Wash. 2015) ("'[Class-of-one
> plaintiffs] must demonstrate that they were treated differently
> than someone who is *prima facie* identical in all relevant
> respects.'" (quoting *Purze v. Village of Winthrop Harbor*, 286
> F.3d 452, 455 (7th Cir. 2002)) (brackets in original)).

*Ohana*, 2022 WL 1748411, at *6.  In the qualified immunity section of the Order,

the Court determined that *Village of Willowbrook v. Olech* clearly established the

equal protection right at issue:

> The Individual Defendants criticize *Olech* as highly generalized
> but *Olech* is precedent establishing that a governmental official

cannot treat similarly situated individuals differently without a rational basis and should have put a reasonable official on notice that such conduct violates equal protection rights. Indeed, "'general statements of the law are not inherently incapable of giving fair and clear warning' to officers," but "the unlawfulness must be apparent" under pre-existing law. *White v. Pauly*, 580 U.S. 73,   , 137 S. Ct. 548, 552 (2017) (some internal quotation marks and citations omitted). Unlike the Fourth Amendment excessive force context, where specificity is particularly important, *see* [*City of Escondido v.*] *Emmons*, 586 U.S. [] __, 139 S. Ct. [500,] 503 [(2019)], in the equal protection context, an official can more readily determine whether he or she is treating someone differently than others similarly situated without a rational basis.

*See id.* at *8. The Court's reference to specificity accordingly pertained to Defendants' position that *Olech* did not clearly establish the equal protection right at issue here. By its plain terms, the Order addressed the degree of specificity required to put Defendants on notice that they were violating clearly established rights. The Court noted that cases addressing Fourth Amendment claims require greater factual specificity to put officers on notice that they are violating rights. *See id.* & n.5 ("The Individual Defendants argue that Plaintiffs bear the burden of citing case law that 'squarely governs' their actions. But the Supreme Court imposed this requirement in the Fourth Amendment excessive force context." (citations omitted)). It did *not* conclude that "similarly situated" allegations for class-of-one claims may be non-specific.

Relatedly, Defendants argue that *Olech* is inapplicable, and the Court failed to identify the clear standard — applicable to them and all of their projects —

10

notifying them that their actions were unconstitutional.[2]  ECF No. 51-1 at 9–10.

Defendants provide no support for this assertion, focusing instead (again) on

Plaintiffs' failure to show that Malone acted improperly under the Fire Code or

otherwise.  *Id.*  The Court rejects this argument for the reasons set forth above.

## C.     The Court Did Not Deny Defendants' Motion Based On Group Pleading

Defendants argue that the Court denied qualified immunity based on group

pleading, *i.e.*, the acts of others,[3] while contradictorily arguing that the Court

"only" mentioned Lee, Caires, and Malone, and their respective projects.  ECF No.

51-1 at 7.  Their current group pleading criticism — raised for the first time — is

belied by the very organization of their motion to dismiss, which addressed the

deficiencies of the allegations against *each* Defendant.  ECF No. 33-1.

---

[2]  Defendants claim that the Court found that *Olech* and *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), provided them with notice that their acts were unconstitutional.  ECF No. 51-1 at 9.  But the Court only cited *Olech* as clearly establishing the equal protection right at issue.  *See Ohana*, 2022 WL 1748411, at *8.  *Engquist* was merely cited for its discussion of *Olech*.  *See id.*

[3]  Defendants similarly contend that, with respect to the intentional infliction of emotional distress ("IIED") claim, they cannot be liable for another's outrageous conduct.  ECF No. 51-1 at 8.  Defendants did not present this argument in the briefing for their motion to dismiss so they are precluded from raising it now.  ECF No. 33-1 at 28 ("All claims for IIED are either time-barred, or they are insufficiently pled as to the elements of duty, breach, and causation.  In addition, there are not sufficient non-conclusory factual allegations that any individual acted in a manner that was 'outrageous.'" (citation omitted)); ECF No. 42 at 21 ("The IIED claim fails because there are not sufficient factual allegations establishing duty, breach, causation, and outrageous conduct.").  Even if they had, the IIED claim does not group allegations.  ECF No. 30 ¶¶ 230–43.

"[F]or a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted); *cf. Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (holding in the context of FRCP 9(b) that a complaint may not "merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" (alterations in original) (citation omitted)). The FAC clearly identifies the challenged conduct against each Defendant and that conduct was discussed in the Order where necessary. By acknowledging the existence of specific allegations against them, Defendants effectively concede an absence of group pleading in the FAC. And the Court's determinations regarding the adequacy of Plaintiffs' claims did not rest on collective allegations against all Defendants. *See Ohana*, 2022 WL 1748411, at *1–2, 6–7, 10–11. Defendants' reliance on *Fatai v. City & County of Honolulu*, Case No. 19-cv-00603-DKW-WRP, 2021 WL 1063790 (D. Haw. Mar. 18, 2021), is therefore misplaced. There, the plaintiff failed to allege how the individual defendants participated in an allegedly unlawful scheme. *See id.* at *5 ("Fatai may choose to generally allege the 'scheme' to frame him for drug crimes (like the unlawful reporting scheme in

12

*United Health Care*).  But before he can hold individuals liable for their participation in that scheme, he must credibly allege specific steps taken by each Defendant in the execution of it. . . . Fatai makes *no* allegations showing how any one Defendant participated in any allegedly rights-depriving act.").

Defendants also persist in their effort to impose non-existent requirements upon the Court.  They apparently believe that in denying qualified immunity, the Court was required to cite other projects where similarly situated alarm installers were treated differently and identify Fire Code provisions that would prohibit their conduct.  ECF No. 51-1 at 7–8.  Defendants further assert that the Court failed to identify their actions that were so outrageous as to support an IIED claim.  *Id.* at 8.  On a motion to dismiss, the Court assesses the sufficiency of a pleading, and it did so amply in the Order.

## CONCLUSION

For the reasons stated herein, Defendants have not articulated valid grounds for reconsideration.  The Court accordingly DENIES Defendants' Motion for Partial Reconsideration of Court's Order Granting in Part and Denying in Part Defendants Wayne K. Masuda, Tim Caires, Jeffrey K. Lee, And David Malone's Motion to Dismiss First Amended Complaint.  ECF No. 51.

IT IS SO ORDERED.

DATED:      Honolulu, Hawaiʻi, June 24, 2022.

Jill A. Otake
United States District Judge

Civil No. 21-00345 JAO-KJM, *Ohana Control Systems, Inc. v. City and County of Honolulu*; ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS WAYNE K. MASUDA, TIM CAIRES, JEFFREY K. LEE, AND DAVID MALONE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT